UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JEROME GREENE

        Plaintiffs,

CITY OF NEW YORK,
P.O. GERONIMO
JOHN AND JANE DOES ## 1-5,

        Defendants.

---------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

13-cv-02654-RJS

## NATURE OF ACTION

1. This action is brought by Plaintiff to recover damages for excessive use of force, false arrest and malicious prosecution.

## THE PARTIES

2. Plaintiff is a resident of New York, New York.

3. Upon information and belief each of John and Jane Does ## 1-15 are residents of one of the following counties: Kings, Queens, Richmond, Nassau or Suffolk.

4. The City of New York is a municipal corporation whose residence is in all five counties of New York City and is deemed to reside in Manhattan per 28 U.S.C. § 1391(c).

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

7. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

8. On or about August 16, 2012 claimant was obeying all the laws of the United States the state and the city.

9. He was walking to the corner of 125 Street and Amsterdam. A group of boys then began to assault him: it was a turf battle. The cops arrived and as plaintiff was getting up, the youths ran away and the cops came to plaintiff and ask him what's going on?

10. After plaintiff complained that he had been the victim of an assault by those young men, one or more of the officers said, "No - you incited a riot – something that they could not have observed since the assault began before they arrived."

11. Plaintiff was then arrested and asked why he wasn't read his rights or asked for his ID.

11. While neither of these things were required, he had done nothing wrong in asking, trying to make sense of what, to him, was a non-sensical situation.

12. At that point, John Doe # 1 started assaulting plaintiff.

13. One officer, Geronimo put his knee in his side and continued to beat him up, some of it under the car. At some point, one or more of the officers sexually humiliated plaintiff by taking off his shirt and pants.

14. Plaintiff was then taken to Central Booking, arraigned on inciting a riot, and after 1.5 days in jail, was released on his own recognizance.

15.     He came back to court approximately 4-5 times until the cases were finally dismissed in their entirety on March 4, 2013. Plaintiff suffered bruising and swelling to his face and was treated at St Lukes Uptown hospital. He now sues for redress.

### FIRST CAUSE OF ACTION
### EXCESSIVE USE OF FORCE
### 42 U.S.C. § 1983

16.     Plaintiffs repeat and reallege the previous allegations as if fully set forth herein.

17.     Acting under color of state law, defendants used excessive force that caused damages.

18.     As a result of the foregoing, Plaintiffs has been damaged and demands compensatory and punitive relief.

### SECOND CAUSE OF ACTION
### MALICIOUS PROSECUTION
### 42 U.S.C. § 1983

19.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

20.     Acting under color of state law, defendants brought charges against plaintiff without probable cause and plaintiff had to return to court twice before the charges were dismissed in his favor.

21.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

### THIRD CAUSE OF ACTION
### RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS
### 42 U.S.C. § 1983

22.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

23.     Acting under color of state law, defendants assaulted plaintiff because plaintiff made a statement completely within his first amendment right.

24. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

### FOURTH CAUSE OF ACTION
### BATTERY

25. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. Defendants intentionally engaged in bodily contact with plaintiff, and such contact was harmful or offensive in nature.

27. By virtue of the foregoing, Plaintiff has been damaged.

### FIFTH CAUSE OF ACTION
### ASSAULT

28. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

29. Defendants intentionally placed plaintiff in apprehension of immediate battery.

30. By virtue of the foregoing, Plaintiff has been damaged.

### SIXTH CAUSE OF ACTION
### FALSE ARREST AND IMPRISONMENT

31. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. Defendants arrested plaintiff and detained him without probable cause; he was aware of the wrongful confinement.

33. By virtue of the foregoing, Plaintiff has been damaged.

### SEVENTH CAUSE OF ACTION
### FALSE ARREST AND IMPRISONMENT – 42 USC 1983

34. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. Defendants, acting under color of state law, arrested plaintiff and detained him without probable cause; he was aware of the wrongful confinement.

36. By virtue of the foregoing, Plaintiff has been damaged.

EIGHTH  OF ACTION
ASSAULT

39.	Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

40.	Defendants intentionally placed plaintiff in apprehension of immediate battery.

41.	By virtue of the foregoing, Plaintiff has been damaged.

42.	As a result of the foregoing, Plaintiffs has been damaged and demands compensatory and punitive relief.

NINTH CAUSE OF ACTION
MALICIOUS PROSECUTION

43.	Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

44.	Acting under color of state law, defendants brought charges against plaintiff without probable cause and plaintiff had to return to court twice before the charges were dismissed in his favor.

45.	As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

TENTH  CAUSE OF ACTION
FAILURE TO INSTRUCT, SUPERVISE, AND CONTROL DIRECTED COGNIZABLE
UNDER MONNELL AND 42 U.S.C. § 1983
AGAINST THE CITY OF NEW YORK

46.	Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs as if fully set forth herein.

47.	At all times relevant to this complaint, defendants as officers of the City of New York Police Department, was acting under the direction and control of the City of New York, which acted through its agents and employees who were responsible for making policy of the police department, its officers and operations, and the individually named defendants were acting pursuant to either official policy or the practice, custom and usage of the City of New York and its Police Department.

48. Acting under color of law, by and through the policy makers of the City of New York and pursuant to official policy or custom and practice, the City of New York intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of New York, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from excessive use of force; false arrests, stops without probable cause, and quotas pertaining to arrests and stops and summonses.

49. The City of New York had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts, were going to be committed. Defendant City of New York had power to prevent the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of New York failed or refused to do so.

50. As a result of the foregoing, plaintiff was deprived of his right to be secure in his person, against unreasonable seizure of his person and against the use of excessive force in violation of the Eighth, Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983, and has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

A. Compensatory damages;

B. Punitive damages to be determined by the trier of fact;

C. Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

D. Such other relief as the Court may deem just and proper.

Dated: New York, New York
May 8, 2013

/s/
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
18 West 21st Street #802
New York, NY 10010
(212) 334-7397

6